**Rosee TORRES d/b/a Legal Secretarial Services, Ltd., Plaintiff,**

v.

**CITY OF CHICAGO, Defendant.**

#### No. 87 C 4646.

United States District Court,
N.D. Illinois, E.D.

Aug. 7, 1989.

Richard E. Friedman, Epton, Mullin & Druth, Chicago, Ill., for plaintiff.

Judson H. Miner, Corporation Counsel of the City of Chicago, and Nancy Loretto, Asst. Corp. Counsel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Plaintiff Rosee Torres ("Torres") filed this action against the City of Chicago ("the City") alleging race discrimination in violation of 42 U.S.C. § 1981 (Count I) and breach of contract (Count II). Jurisdiction is based on 28 U.S.C. § 1343(a)(4) and under principles of pendent jurisdiction. The City moves for judgment on the pleadings on Count I under Fed.R.Civ.P. 12(c) and to dismiss Count II for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1).

## BACKGROUND

The relevant facts are not in dispute. Torres is a black Hispanic female who owns and operates Legal Secretarial Services, Ltd. On July 2, 1984, Torres entered into a written contract with the City in which Legal Secretarial Services agreed to provide the City with temporary telephone switchboard operators on an "as required" basis. At approximately the same time, the City entered into identical contracts with four other entities. Each of these contracts, including Torres', provided the City with the right to terminate the contract upon written notice if it no longer needed switchboard operators, or if it lacked funding to pay them.

From September 17, 1984 through November 4, 1984, Torres provided the City with the services of four temporary telephone switchboard operators. On November 4, 1984, Torres received a telephone call from Francisco DuPrey, then Deputy Director of the Mayor's Office of Inquiry and Information. During their conversation, DuPrey informed Torres that unless she could prove that black Americans control 51 percent or more of her business, the City would cancel her contract. Torres immediately contacted William Ware of the Mayor's Executive Office for an explanation. Ware informed Torres that her contract with the City was part of a minority set-aside program. He explained that under this program, the contract for telephone switchboard operators could only be serviced by minority-owned companies.

On November 6, 1984, DuPrey informed Torres that the City terminated her contract because she was Hispanic rather than black. DuPrey also informed Torres that the balance of her contract would be allocated among other minority-owned companies currently providing operators to the City. Torres responded by filing this action.

## DISCUSSION

*Count I: Race Discrimination*

■ Judgment on the pleadings is appropriate where no material facts are in dispute and the movant is entitled to judgment as a matter of law. *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir.1987). In this case, the City is entitled to prevail on its motion. Torres claims that the City intentionally discriminated against her in violation of Section 1981 by cancelling her contract solely because she is Hispanic. Section 1981, however, only applies to race discrimination in the formation and enforcement of contracts. *Patterson v. McLean Credit Union*, — U.S. —, 109 S.Ct. 2363, 2372–76, 105 L.Ed.2d 132 (1989). It does not apply to post-formation conduct where, as here, a contract allegedly is breached. *Id.*

Torres concedes the applicability of *Patterson* to the facts of this case. Response brief at 4. However, she contends that under the Supreme Court's recent decision in *Jett v. Dallas Independent School District*, — U.S. —, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989), the City is vicariously liable for the post-formation conduct of its employees. This argument is without merit. *Jett* explicitly holds that municipalities are liable for violating the rights guaranteed by Section 1981 only if the plaintiff can show discrimination arising from a municipal custom or policy. *Jett*, — U.S. at —, 109 S.Ct. at 2722. *See Perrijean East v. City of Chicago*, 719 F.Supp. 683, 688–89 (N.D.Ill.1989) (Shadur, J.). A municipality cannot be held liable under Section 1981 on a *respondeat superior* theory. *Id.*

■ Applying *Jett* to this case, Torres cannot prevail under Section 1981. Torres fails to allege that her injuries were caused by a municipal policy or custom. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Even assuming that Ware or DuPrey had final policymaking authority, and thus could bind the City by their acts, *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988), Torres cannot prevail. This is because she alleges breach of contract and not discrimination in the formation or enforcement of her contract as required by the express language of both *Patterson* and *Jett*. *Patterson*, — U.S. at —, 109 S.Ct. at 2372–76; *Jett*, — U.S. at —, 109 S.Ct. at 2722. Accordingly, the City is entitled to judgment on Count I as a matter of law.

*Count II: Breach of Contract*

Count II alleges that the City breached its contract with Torres. Because the City is entitled to judgment on Count I as a matter of law, the court declines to exercise its pendent jurisdiction over Torres' breach of contract claim. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

## CONCLUSION

The City of Chicago's motion for judgment on the pleadings on Count I is granted. Judgment is granted for the City of Chicago and against Rosee Torres on Count I. Count II is dismissed without prejudice.